# LUCKIE v. CAROTHERS.

1. Where a commission directs the deposition of a witness to be taken on a day designated, within certain hours, and the commissioners certify, that pursuant to the annexed commission, they have caused the witness to come before them, between the hours therein stated, &c.: Although their certificate is not dated, it must be inferred, that the witness was examined on the day stated in the commission.

WRIT of Error to the Circuit Court of Tuscaloosa.

This was an action commenced by attachment, by the defendant in error against the plaintiff, on an agreement to pay money for hogs previously sold by the latter to the former. The cause was tried on an issue upon the plea of *non assumpsit*. On the trial, the defendant excepted to the ruling of the circuit judge, in admitting to be read as evidence, at the plaintiff's instance, the deposition of Andrew Luckie. The deposition was taken under a commission, which directed the commissioners to cause the witness to come before them " on Tuesday the fourteenth day of September next, between the hours of 10 o'clock, A. M. and six o'clock, P. M. of that day." The commissioners certified, that " Pursuant to the annexed commission, we" &c. " have this day, between the hours of ten o'clock, A. M. and six o'clock, at," &c. " caused to come before us," &c. The commission is dated the 10th August, 1841, and is attached to the deposition. The deposition is not dated, though the certification of the commissioners concludes as follows : " In testimony whereof, we hereto set our hands, and affix our seals, the day and date above set forth."

PECK & CLARK, for the plaintiff in error.—The deposition does not show that it was taken on the day authorised by the commission. [4 Wash. Cir. Co. Rep. 186–7, 715 ; 4 Missouri R. 465.]

HUNTINGTON and MOODY, for the defendant.—The certificate of the commissioners, that the deposition was taken " pursuant, &c." shows, that the witness was examined on the day appointed by the commission for that purpose. [Sanford & Cleveland v. Spence, at the last term; 4 Johns. Rep. 130.]

COLLIER, C. J.—It is certainly true, that a commission to take a deposition is a special authority to the persons to whom it is addressed, which, in order to authorise the admission of the testimony, must appear by their report or certificate to have been pursued. The cases cited for the plaintiff in error, from Washington's Circuit Court Reports, affirm this to be the law, and nothing more. They do not determine, that it is necessary for the certificate to recite *in totidem verbis*, the special directions of the commission, and declare that they had been observed. The certificates in these cases were palpably defective in not showing,

either in general or special terms, that the commission had been regularly executed.

In the present case, the commissioners are directed to examine the witness on a day named in the commission; pursuant thereto they certify, that they have taken his testimony. It is immaterial which one of its appropriate meanings we attach to the word " pursuant ;" it indicates that the examination has been made as the commissioners were required; that *under, in virtue of, in obedience to, &c.* they had called the witness before them. The commission required the witness to be examined on but one day ; the commissioners say that they performed that duty pursuant to its directions, and if their certificate is to be accredited, it can mean nothing else than, that the commission was executed on the day designated. The case of Sanford & Cleveland v. Spence, at the last term, leads directly to this conclusion. In Bolte v. Wooten, [4 Johns. Rep. 130,] the commissioners certified that the witness had been examined in virtue of, and under the commission directed to them by name. The court said " If the witness was sworn and examined under that commission, and that fact be certified by the commissioners, as acting commissioners, he must have been sworn and examined *by them.* There is no other meaning to be put upon the words. It is not a thing of inference, but equivalent to a direct averment of the fact."

This view is decisive to show, that the deposition was properly admitted, and the judgment of the Circuit court is therefore affirmed.